UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2004 APR 1  AM 10 17

BY _____
DEPUTY CLERK

| | |
|---|---|
| MARTIN TRAVERSE,           )  | |
|       Plaintiff    )  | |
|                       )  | |
| v.                                       )  | Civil Action Docket No. |
|                       )  | 2:04-cv-84 |
| GENERAL ELECTRIC CO.,   )  | |
|       Defendant   )  | |

NOTICE OF REMOVAL
UNDER 28 U.S.C. §§ 1332 AND 1441(a)

TO THE CLERK OF THE ABOVE- ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant, General Electric Co., ("GE"), hereby removes this action to the United States District Court for the District of Vermont. The grounds for removal are as follows:

JURISDICTION

1.     The claims stated by the Complaint (see Exhibit A) are ones over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, based upon diversity of citizenship between Defendant and the Plaintiff and an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest or costs.

        a.     In Plaintiff's Complaint, Plaintiff claims he is a citizen of New Hampshire.

        b.     Defendant GE is a citizen of New York and Connecticut. (At all times relevant to this cause of action, including the filing of the Complaint and the filing of this Notice of Removal, Defendant GE has been a corporation

       organized and existing under the laws of New York, with its principal place of business in Connecticut.)

   c.   In Plaintiff's Complaint, Plaintiff claims an unspecified amount of compensatory and punitive damages plus attorneys' fees and costs. Based upon these allegations, the matter in controversy exceeds $75,000 exclusive of interest and costs.

2.   Defendant GE was served with the Summons and Complaint on March 15, 2004. (See Exhibit A).

3.   This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), being filed within thirty (30) days of this Defendant first receiving the Summons and Complaint. Pursuant to 28 U.S.C. § 126, venue is proper in the United States District Court for the District of Vermont, as the State Court Action is pending in Rutland County, Vermont which is within this Court's district and division.

4.   Pursuant to 28 U.S.C. § 1441, any civil action brought in the state court of which the district courts of the United States have original jurisdiction may be removed by a defendant, to the district court of the United States for the district and division embracing the place where such action is pending.

5.   A true and correct copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of Vermont for the County of Rutland as provided by law.

WHEREFORE, Defendant prays that this action be removed to this Court and that this Court accept jurisdiction of this action; and henceforth, that the action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated:   Burlington, Vermont
April 1, 2004

_____
Robert B. Hemley, Esq.
Federal Bar ID #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
Gravel and Shea
76 St. Paul Street, 7th Floor
P. O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
Attorney for Defendant

Exh A.

STATE OF VERMONT
RUTLAND COUNTY, ss

MARTIN TRAVERSE,

PLAINTIFF

v.                                              RUTLAND SUPERIOR COURT
                                                Docket No. _____

GENERAL ELECTRIC CO.,

DEFENDANT

### SUMMONS

TO:   THE ABOVE NAMED DEFENDANT

You are hereby summoned and required to serve upon Norman E. Watts, Esq., plaintiff's attorney, whose address is 19 Central Street, PO Box 270, Woodstock, VT 05091-0270, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court. Unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action. YOUR ANSWER MUST STATE SUCH A COUNTERCLAIM WHETHER OR NOT THE RELIEF DEMANDED IN THE COMPLAINT IS FOR DAMAGE COVERED BY A LIABILITY INSURANCE POLICY UNDER WHICH THE INSURER HAS THE RIGHT OR OBLIGATION TO CONDUCT THE DEFENSE. If you believe that the plaintiff is not entitled to all or part of the claim set forth in the complaint, or if you believe that you have a counterclaim against the plaintiff, you may wish to consult an attorney. If you feel that you cannot afford to pay an attorney's fee, you may ask the clerk of the court for information about places where you may seek legal assistance.

Dated:  March 9, 2004                    _____
                                          Norman E. Watts, Esq.

Served on  3-15-04                       _____
           Date                           Deputy/Sheriff

WATTS LAW FIRM, PC
Woodstock, Vermont 05091
(802) 457-1020

STATE OF VERMONT
RUTLAND COUNTY, ss

MARTIN TRAVERSE,

PLAINTIFF

v.

GENERAL ELECTRIC CO.,

DEFENDANT

RUTLAND SUPERIOR COURT
Docket No. _____

### *COMPLAINT AND JURY DEMAND*

NOW COMES THE PLAINTIFF, by and through counsel, who complains of the defendant and seeks the relief demanded herein as follows:

1. Plaintiff is a resident of the Town of Lyman in the County of Grafton and State of New Hampshire.

2. Defendant is a New York corporation with its principal place of business in the State of Connecticut and doing busines in the Town and County of Rutland in the State of Vermont.

3. Defendant employed plaintiff as a machinist for approximately 18 years, from February 5, 1985 until April 17, 2002.

4. Plaintiff's evaluations were favorable and he received periodic raises in compensation.

### *Count One: Retaliatory Discharge From Employment in Violation of Public Policy*

5. Plaintiff refers to the foregoing paragraphs 1- 4 and incorporates them into this count.

6. Public policy is a principle of law which holds that no citizen can lawfully do that which has

a tendency to be injurious to the public or against the public good.

7. Where an employer's motivation in terminating a plaintiff was in bad faith or malice or based on retaliation which is not in the best interest of the economic system or the public good, it violates public policy.

8. The existence of public policy is not necessarily dependent upon the enactment of a statute.

9. Public policy is based upon the community common sense and common conscience, extended and applied throughout the state to matters of public morals, health, safety, welfare and the like.

10. Public policy may also be found in the constitution, a statute or a judicial decision.

11. During his tenure with the defendant, plaintiff was responsible for producing various machine parts according to standards defined between defendant and its customers, including the U. S. Government.

12. During his tenure, plaintiff periodically reported improprieties and irregularities in the production process to defendant's officials.

13. Plaintiff was concerned that machinery that defendant produced for its customers, including the U. S. Government, would be unsafe or inoperable.

14. For example, when defective measuring gauges caused production errors, plaintiff reported them to management.

15. Plaintiff urged management to replace the flawed gauges with digital measuring gauges.

16. Although defendant later replaced the gauges, in the interim, plaintiff was blamed for production errors related to the faulty gauges.

17. As a result, plaintiff was disciplined for "production errors".

18. The putative production errors were, for the most part, attributable to the defective gauges or other employees.

19. Nevertheless, defendant disciplined plaintiff.

20. Subsequently, defendant fired plaintiff for "poor performance" and failure to follow instructions.

21. The putative reason for plaintiff's termination was false.

22. The true reason for plaintiff's termination was his assertion that the flawed gauges be changed in order to prevent production errors that might lead to safety and/or quality issues with defendant's customers.

23. Although other employees committed production errors in the context of this episode, none were cautioned or terminated.

24. Defendant scrutinized plaintiff's work product more closely then for other machinists.

25. Defendant's termination of plaintiff was in retaliation for his reporting defective equipment in the production process.

26. Defendant's termination of plaintiff breached Vermont's public policy favoring manufacture of safe consumer products.

27. Defendant's termination of plaintiff breached the public policy prohibiting production of products which may be injurious to the public or against the public good.

28. Defendant's motivation in terminating plaintiff was in bad faith or malice or was based on retaliation – none of which are in the best interest of the economic system or the public good

29. Consequently, defendant's actions violated public policy.

30. Defendant's termination of plaintiff constituted wrongful retaliatory termination.

31. Plaintiff demands judgment against defendant for its wrongful termination of him and an award of consequential and punitive damages, as well as prejudgment interest, costs and reasonable attorney's fees in amounts to be proven at trial, as well as other appropriate relief..

### *Count Two: Wrongful Termination*

32. Plaintiff refers to the foregoing paragraphs 1-31 and incorporates them into this count.

33. Defendant published and adheres to an employee handbook.

34. The handbook contains provisions that warrant fair treatment for defendant's employees.

35. The handbook provides for, *inter alia*, progressive discipline for employees.

36. Consistent with the handbook provisions, it was defendant's standard practice to engage in progressive discipline when employees' performance or conduct became an issue.

37. The terms of the handbook constitute an implied employment contract between defendant and plaintiff.

38. When defendant terminated plaintiff it failed in a number of ways to comply to the progressive discipline system or other provisions of the employee handbook.

39. One example: Even though defendant terminated plaintiff, his ombudsman complaint (a so-called "2010" procedure) was never finalized; it remains open to this day.

40. When defendant terminated plaintiff it breached the employment contract between them.

41. Defendant's breach of the employment agreement caused plaintiff to suffer damages.

42. Plaintiff demands judgment against defendant for its breach of the contract and an award of damages in an amount to be proven at trial and other appropriate relief.

### *Count Three: Breach of Covenant of Good Faith and Fair Dealing*

43. Plaintiff refers to the foregoing paragraphs 1-42 and incorporates them into this count.

44. Defendant issued an employee handbook.

45. Defendant's handbook provides, *inter alia*, that its employees will be treated with fairness in an environment without discrimination.

46. The handbook constitutes an implied contract of employment warranting fair treatment for Defendant's employees, including the Plaintiff.

47. At minimum, the handbook expressed "mixed messages" concerning Defendant's employment policies.

48. Defendant's actions, in hammering Plaintiff with the DML and other disadvantages, as enumerated above, breached the implied employment contract.

49. Defendant's breach of contract caused Plaintiff to suffer damages.

50. Plaintiff demands judgment against Defendant and an award of monetary compensatory damages in an amount to be determined by the trier of fact.

### *Count Four: Intentional/Reckless Infliction of Emotional Distress*

51. Plaintiff refers to the foregoing paragraphs 1-50 and incorporates them into this count.

52. Defendant's actions demonstrated that it" intentionally and/or recklessly inflicted severe emotional distress upon Plaintiff.

53. Defendant disregarded the possibility that its actions might inflict emotional distress upon Plaintiff.

54. In retaliating against the Plaintiff for reporting workplace inefficiencies, Defendant intentionally and/or recklessly inflicted severe emotional distress upon Plaintiff.

55. Defendant's actions were outrageous.

56. Defendant's actions caused Plaintiff to suffer severe emotional distress.

57. Plaintiff demands judgment against Defendant, for its actions in intentionally/recklessly inflicting emotional distress upon him, and a monetary award for emotional distress damages in an amount to be determined by the trier of fact.

### *Plaintiff's Demand for Punitive Damages*

58. Plaintiff refers to the foregoing paragraphs 1-57 and incorporates them hereinto.

59. Defendant's actions disregarded Plaintiff's rights.

60. Defendant's actions were outrageous.

61. Defendant's actions were born out of malice towards Plaintiff.

62. Defendant's actions caused Plaintiff to suffer serious disadvantages.

63. Plaintiff demands judgment against Defendant and an award of punitive damages.

### NOTICE:

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

DATED: March 9, 2004                MARTIN TRAVERSE
                                    PLAINTIFF

                                    By: _____
                                    Norman E. Watts, Esq.
                                    Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MARTIN TRAVERSE,    )<br>        Plaintiff    )<br>                          )<br>    v.                   )    Civil Action Docket No. _____<br>                          )<br>GENERAL ELECTRIC CO., )<br>       Defendant  )| |

### CERTIFICATE OF SERVICE

I, Robert B. Hemley, Esq., attorney for Defendant, General Electric Co., certify that on April 1, 2004, I served the Notice of Removal and Civil Cover Sheet by causing the same to be mailed by United States mail, postage prepaid to the following:

Gay S. Johnson, Clerk
Rutland Superior Court
83 Center Street, Suite 3
Rutland, VT 05701-4309

Norman E. Watts, Esq.
Watts Law Firm, P.C.
P. O. Box 270
Woodstock, VT 05091-0270

Dated:     Burlington, Vermont
           April 1, 2003

_____
Robert B. Hemley, Esq.
Federal Bar ID # 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
Gravel and Shea
76 St. Paul Street, 7th Floor
P. O. Box 369
Burlington, VT 05402-0369
(802) 658-0220